A. Ham Ayer *v.* James Waltrip's Adm'r, et al.

Pleading—Amendments.

> Under § 161, Civil Code, the court is authorized to allow amendments to pleadings, conforming the pleadings to the facts proven, when to do so will not substantially change the claim or defense, but a defendant who has answered and given some proof to sustain it, cannot go on the witness stand and swear to an entirely different state of facts and then expect the court to allow him to amend his answer to conform thereto, especially when he offers no excuse for his failure to rely upon his original answer.

APPEAL FROM McLEAN CIRCUIT COURT.

February 16, 1875.

Opinion by Judge Lindsay:

Sec. 161, Civil Code of Practice, authorizes the courts to allow amendments in furtherance of justice, by conforming the pleadings to the facts proved, when the amendment does not change substantially the claim or defense. But where, as in this case, a defense has been set up by answer, and the defendant then puts himself upon the witness stand, and swears to facts utterly irreconcilable with his answer, it is an abuse of discretion to allow him to abandon his original, and set up a new defense, under the pretext of conforming his pleadings to the proof. And more especially is this so when he offers no reason or excuse for his failure to rely on his original answer, upon the facts to which he deposed as a witness, and which, if true, were known to him when he first answered. Further than this, when the amended answer was permitted to be filed, his pleadings then contradicted each other, and no attempt was made to explain the contradiction. The court had no means of determining which of the two answers was true, and outside of the

proof might have set one off against the other, and disregarded both. But independent of the pleadings, the weight of the testimony is against the claim asserted by appellee.

Bryant's statement that appellee told him that the conveyance by Waltrip was a contrivance to avoid the payment of the grantor's debts is uncontradicted, except by appellee himself. All the circumstances proved, tend to show that the conveyance was so intended; and the payment of money, in the presence of Wall, is calculated to confirm rather than to weaken this conclusion. Appellees are unable to tell how much money (whether $500 or $600) he paid to Waltrip, and Wall swears that he was sent for, and was present to see the money paid. After the pretended purchase, the crops raised on the land were divided between the vendor and vendee; and when Waltrip died, not one cent of the amount paid to him in the presence of Wall passed to his administrator, and no account is given of his having in any way appropriated the money during the short time he lived after its pretended payment to him.

Judgment *reversed* and cause remanded, with instructions to subject the land to the payment of appellant's claim.

    *J. C. Jonson, for appellant.    Geo. A. Prentice, for appellees.*